O

# United States District Court
# Central District of California

| | |
|---|---|
| DARNELL T. THOMPSON, | Case № 2:14-cv-05005-ODW |
| Petitioner, | Criminal  CR 11-00520-ODW-5-** |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER DENYING PETITIONER'S** |
| Respondent. | **MOTION UNDER 28 U.S.C. § 2255 [1]** |
| | **AND GRANTING GOVERNMENT'S** |
| | **MOTION TO DISMISS [6]** |

## I.   INTRODUCTION

Like hundreds of other cases around the country, Petitioner Darnell T. Thompson's criminal case involved a fictitious stash-house scheme entirely dreamed up by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  He pleaded guilty to conspiracy to possess cocaine with intent to distribute and possession of a firearm in furtherance of a drug-trafficking offense, and the Court sentenced him to 70 months' imprisonment.

Thompson now moves to vacate his conviction in light of this Court's March 10, 2014 Order Dismissing Indictment for Outrageous Government Conduct in *United States v. Hudson*, № 2:13-cr-00126-ODW, 2014 WL 960860, (C.D. Cal. Mar. 10, 2014).  But since Thompson filed his Motion well outside 28 U.S.C. § 2255(f)'s

1   one-year statute of limitations, the Court finds that the Motion is untimely.  The Court

2   also finds that Thompson may not rely on the actual-innocence exception, as District

3   Court orders do not qualify as exculpatory factual evidence.  The Court accordingly

4   **DENIES** Defendant's § 2255 Motion.[1]

5                              **II.    FACTUAL BACKGROUND**

6         Thompson, along with several other defendants, agreed to rob a nonexistent

7   stash house and split the imaginary drugs among themselves at an ATF agent's behest.

8   (ECF No. 71, at 3.)

9         On June 8, 2011, the Grand Jury for the Central District of California returned

10  an Indictment charging Thompson with conspiracy to possess cocaine with intent to

11  distribute, 28 U.S.C. § 846; conspiracy to interfere with commerce by robbery, 18

12  U.S.C. § 1951; and using and carrying a firearm during the commission of a drug-

13  trafficking crime, 18 U.S.C. § 924(c)(1)(A).  (ECF No. 71.)

14        On September 28, 2011, Thompson pleaded guilty to counts 2 and 3 of the

15  Indictment consistent with a plea agreement entered into with the Government.  (ECF

16  No. 103.)  The Court accepted the plea.  (*Id.*)  On February 13, 2012, the Court

17  sentenced Thompson to a total of 70 months' imprisonment.  (ECF No. 174.)

18  Judgment was entered the same day.

19        Thompson never appealed from his conviction.  On June 27, 2014, Thompson

20  moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The Court

21  ordered the Government to file a return to the Motion.  The Government timely

22  complied and moved to dismiss.  Thompson did not respond to the Government's

23  Motion.  Those Motions are now before the Court for decision.

24                              **III.   LEGAL STANDARD**

25        A person in federal custody according to a sentence imposed under federal law

26  may move to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 if the

27

28  [1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

person believes that the sentence was unconstitutional, imposed without proper jurisdiction, excessive, or otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The section provides that the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" if the court determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  § 2255(b).

## IV.   DISCUSSION

Thompson moves to vacate his conviction on several grounds, including outrageous government conduct, lack of jurisdiction, ineffective assistance of counsel, and actual innocence.   But the Court finds that his Motion is untimely and that equitable tolling does not apply to his circumstances.  The Court accordingly denies the Motion.

**A.   Statute of limitations**

Section 2255(f) imposes a one-year statute of limitations on § 2255 motions.  The section provides that the one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

1  § 2255(f).

2  The Supreme Court has defined "final" in the context of a habeas review as

3  "when a judgment of conviction has been rendered, the availability of appeal

4  exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari

5  finally denied." *Griffin v. Kentucky*, 479 U.S. 314, 321 (1987).  Thompson never

6  appealed from his conviction, so the conviction became final 14 days after it was

7  entered—or February 17, 2012.  *See* Fed. R. App. P. 4(b)(10(A)(i).  Thompson

8  accordingly had until February 17, 2013, to timely file his § 2255 Motion.  But he

9  exceeded that deadline by over 16 months.

10  Thompson argues that his § 2255 Motion is timely when measured by this

11  Court's March 10, 2014 decision in *United States v. Hudson*, No. 2:13-cr-00126-

12  ODW, 2014 WL 960860 (C.D. Cal. Mar. 10, 2014).  But as the Government points

13  out, this Court's *Hudson* decision does not satisfy any tolling prong under § 2255(f).

14  The only tolling provision specifically dealing with new case law is subsection (f)(3).

15  But that prong only deals with new rights recognized by the United States Supreme

16  Court and made retroactively applicable.  As this Court noted in its *Hudson* decision,

17  the Supreme Court recognized the outrageous-government-conduct doctrine in 1973

18  in *United States v. Russell*, 411 U.S. 423, 431–32 (1973).  2014 WL 960860, at *4.

19  Thompson's case arose well after that date.

20  Neither does the *Hudson* Order constitute new "facts supporting the claim or

21  claims presented [that] could [not] have been discovered through the exercise of due

22  diligence."  *See* § 2255(f)(4).  That decision was not a "fact" surrounding the merits of

23  Thompson's conviction but rather a new addition to the law.  There is no indication in

24  § 2255 case law that Congress intended to include subsequent District Court decisions

25  as new "facts" that could justify a tardy § 2255 motion.  Such a construction would

26  inevitably lead to a "wait and see" approach to convictions where a defendant could

27  collaterally attack a case at any point in the future once a District Court issued an

28  / / /

order involving the same subject matter.  That result is certainly not consistent with Congress's tight, one-year time limit.

**B.    Equitable tolling**

The Ninth Circuit has concluded that a petitioner may invoke equitable tolling to extend § 2255's statute of limitations. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  But the petitioner must demonstrate "extraordinary circumstances" beyond her control that made it "impossible to file a petition on time" and that such extraordinary circumstances were the cause of the untimeliness.  *Id.*

Thompson has not carried his burden of proving extraordinary circumstances outside of his control that made it impossible for him to timely file his § 2255 Motion. As discussed above, the Supreme Court already recognized the outrageous-government-conduct doctrine—the thrust of Thompson's Motion—in 1973.  The fact that this Court applied the doctrine to one case in March 2014 did not render it impossible for Thompson to invoke the doctrine in challenging the Government's conduct during his own case's pendency.

Neither has Thompson demonstrated any Government conduct that impeded his ability to timely file his § 2255 Motion.  Without being able to show the requisite "extraordinary circumstances" preventing a properly filed § 2255 motion, the Court cannot apply equitable tolling.  The Court accordingly finds § 2255(f)'s one-year statute of limitations bars Thompson's Motion.

**C.    Actual innocence**

The United States Supreme Court has held that a petitioner can still bring a collateral attack to a conviction despite being untimely if her conviction is probably the result of "actual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This "probable" standard requires the petitioner to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  The petitioner must support this assertion with "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.   But the Court has cautioned that this exception is "rarely successful." *Id.*

Thompson cannot rely on the actual-innocence exception as a matter of law, because this Court's March 10, 2014 Order Dismissing Indictment for Outrageous Government Conduct in *Hudson* does not constitute new evidence or factual circumstances surrounding his conviction.   The Supreme Court has cautioned that this exception only applies to someone who is factually innocent of the charges.   In a fictitious stash-house ruse where the Government has engaged in outrageous conduct, the defendant is undoubtedly factually culpable of the underlying conduct.   It is only because the Court refuses to allow the prosecution to invoke the judicial machinery to validate its arbitrary actions that the defendant is cleared of potential liability.   The outrageous-government-conduct doctrine does not concern itself with factual innocence.   Thompson accordingly may not rely on this exception to save the untimeliness of his Motion.

**D.   Other grounds**

To the extent that Thompson moves to vacate or alter his conviction based on other grounds such as ineffective assistance of counsel, § 2255(f)'s one-year statute of limitations bars those arguments.

**V.   CONCLUSION**

For the reasons discussed above, the Court **DENIES** Defendant's Motion under 28 U.S.C. § 2255 and **GRANTS** the Government's Motion to Dismiss.   (ECF No. 6.) The Clerk of Court shall close case number 2:14-cv-05005-ODW.

**IT IS SO ORDERED.**

August 11, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**